UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

GIANMARCO ANTHONY
ZARZOSA ARCE,

*Petitioner*,

v. Case No. 3:26-cv-2942-JEP-LLL

WARDEN, NORTH FLORIDA
DETENTION FACILITY, et al.,

*Respondents*.
_________________________________/

**ORDER**

Petitioner, a detainee of the United States Immigration and Customs Enforcement, filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2241, seeking immediate release or alternatively, an individualized bond hearing under 8 U.S.C. § 1226. (*See* Doc. 1 at 6–10 (citing *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258 (11th Cir. 2026))). The Federal Respondents filed a response acknowledging that the Eleventh Circuit Court of Appeals' decision in *Hernandez Alvarez*, 175 F.4th at 1258,[1] controls this

[1] Although the mandate has not yet issued, the Eleventh Circuit's published opinion has immediate precedential effect. *See Martin v. Singletary*, 965 F.2d 944, 945 n.1 (11th Cir. 1992) (noting that a published opinion "is the law in this circuit unless and until it is reversed, overruled, vacated, or otherwise modified by the Supreme Court of the United States or by [the Eleventh Circuit] sitting en banc," and that a stay of the mandate "in no way affects the duty of . . . the courts in this circuit to apply now the precedent established by" the published opinion "as binding authority"); 11th Cir. IOP—Cir. R. 36.2 ("Under the law of this circuit, published

case, and conceding that Petitioner is entitled to a bond hearing under 8 U.S.C. § 1226(a). (Doc. 7 at 1–2). Based on Petitioner's citation to the Eleventh Circuit's *Hernandez Alvarez* decision and the Federal Respondents' understanding that the petition asserts a claim under § 1226(a), this Court construes the petition to assert a claim under that statute. *See United States v. Ogiekpolor*, 122 F.4th 1296, 1304 (11th Cir. 2024) ("[Courts] liberally construe *pro se* filings.").

Accordingly, it is **ORDERED**:

1. The petition for a writ of habeas corpus under 28 U.S.C. § 2241 (Doc. 1) is **GRANTED** as to Petitioner's claim that his mandatory detention violates the Immigration and Nationality Act.[2] Within **seven days** of this Order, Respondents shall either afford Petitioner an individualized bond hearing consistent with 8 U.S.C. § 1226(a) or release Petitioner. If Respondents release Petitioner,

---

opinions are binding precedent. The issuance or non-issuance of the mandate does not affect this result.").

[2] Because the Court grants relief on this claim, the Court need not address Petitioner's other claims. *See Banks v. Dretke*, 540 U.S. 668, 689 n.10 (2004) (declining to address an additional claim in a habeas petition after granting relief on another claim because "any relief [petitioner] could obtain on that claim would be cumulative").

they shall provide Petitioner with access to a telephone to arrange transportation from the detention facility.[3]

2. The Warden's motion to dismiss (Doc. 6) is **DENIED** for the same reasons stated in *Lanvin-Valdez v. U.S. Immigr. & Customs Enf't*, No. 3:26-CV-180-JEP-SJH, 2026 WL 1004569, at *2–3 (M.D. Fla. Apr. 14, 2026).

3. The Clerk is **DIRECTED** to enter judgment granting the petition, terminate any pending motions as moot, and close this case.

**DONE AND ORDERED** in Jacksonville, Florida, this 13th day of November, 2026.

JORDAN E. PRATT
UNITED STATES DISTRICT JUDGE

c:
Pro se Petitioner
Counsel of Record

[3] Petitioner is not entitled to immediate release. *See, e.g.*, *Valiente Perez v. Warden, Glades Cnty. Det. Ctr.*, No. 2:26-CV-2417-KCD-NPM, 2026 WL 2730233, at *1 (M.D. Fla. Sept. 16, 2026) (recognizing that the "'comfortable majority position'" is that an alien held under 8 U.S.C. § 1226(a) "is entitled to a bond hearing[,] . . . not immediate release"(quoting *Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668 (W.D. Tex. 2025))).